# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRENDA MARCELL OWEN,
ALYSSA ANN CLAYTON, and
BLADE LEE KRUEGER,

    Plaintiffs,

    v.                                            Case No. 18-CV-1855

MACIEJ CZECHOWSKI, JOANNA T. BISGROVE,
and KATHARINE E. PEASE,

    Defendants.

## REPORT AND RECOMMENDATION SCREENING COMPLAINT

On November 26, 2018, Brenda Marcell Owen, Alyssa Ann Clayton, and Blade Lee Krueger filed a *pro se* complaint against Maciej Czechowski, Joanna T. Bisgrove, and Katharine E. Pease. (Docket # 1.) Owen alleges that the defendants gave Brian Charles Tarkenton and Ronald Osborne approval to be "domestically violent." (*Id.* at 2.) This matter comes before me on Owen's motion to proceed without prepaying the filing fee. (Docket # 2.) From the financial affidavit Owen has given the court, I conclude that she is unable to pay the fees and costs of starting this lawsuit. Thus, I will grant Owen's motion to proceed without prepaying the filing fee. However, because Owen's complaint fails to state a claim on which relief may be granted, I recommend that the complaint be dismissed without prejudice.

## LEGAL FRAMEWORK

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To

authorize a litigant to proceed without prepaying the filing fee, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on a declaration submitted to the court. *Id.*

Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim on which relief may be granted, or does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## ANALYSIS

As an initial matter, although the complaint lists Brenda Marcell Owen, Alyssa Ann Clayton, and Blade Lee Krueger as plaintiffs, only Owen signed the complaint and provided financial information. Further, the complaint contains no allegations as to Clayton and Krueger. Owen's financial declaration contains no information regarding her financial status. She claims she receives

income from Tarkenton and Osborne, but does not know the amount. (Docket # 2 at 2.) Owen states that she has no expenses and no assets. (*Id.* at 2–4.) Although it seems highly unlikely that Owen has no expenses, especially considering she is responsible for supporting her thirteen-year-old son (*id.* at 1), and it is unclear why she does not know the amount of income she receives, giving her the benefit of the doubt, I find Owen indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Owen's claim is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Again, the complaint contains no allegations related to plaintiffs Clayton and Krueger. Owen alleges that she worked for Harmony Living Centers, LLC from June 7, 2010 to March 1, 2012 and was injured on the job. (Docket # 1 at 2.) She alleges that she resided with Tarkenton on and off and "[e]ach defendant gave Brian Charles Tarkenton approval for March 14, 2014 to be domestically violent and approval again for Ronald Osborne on September 21–23, 2016 to be domestic [sic] violent." (*Id.*) Owen requests "a place to live, a vehicle, and my own income." (*Id.* at 3.)

In performing my analysis of whether Owen has failed to state a claim, I must give her *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U .S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construing her complaint, I do not find that Owen has stated a cognizable claim. Although Owen states that she is suing for a violation of federal law (Docket # 1 at 3), it is unclear what federal law Owen alleges the defendants violated. Further, Owen requests relief (i.e., a place to live, a vehicle, and her own

income) that the Court does not have the power to give. Thus, I recommend the complaint be dismissed.[1]

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 28th day of November, 2018.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).